```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARREN RIGGER,                                  )
                                                )
                      Plaintiff,                )     COMPLAINT
                                                )
      -against-                                 )     JURY TRIAL DEMANDED
                                                )
THE CITY OF NEW YORK, ROBERT NUGENT,            )     ECF Case
and DOES                                        )
                                                )     05 CV 9882
                      Defendants.               )
------------------------------------------------------------X
```

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including its First, Fourth, Fifth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plantiff's' constitutional and civil rights.

3.    The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICES OF CLAIM

6. Plaintiff DARREN RIGGER filed Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff was a citizen of the in the United States at the time these incidents occurred..

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants ROBERT NUGENT and DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF RELEVANT FACTS

10. On August 29, 2004, at approximately 3:00 p.m., the plaintiff was on the sidewalk on Seventh Avenue, Broadway and 45th Street on the southeast corner with his wife and a friend they had just met. Plaintiff and his wife had gone to the corner to meet their friend.

11. When plaintiff was approaching Broadway and 45th Street, and throughout the time plaintiff was on the corner of Broadway and 45th Street, there was a visible police presence in the area, and plaintiff followed all directions and instructions given by police officers including direction to step onto the sidewalk. At no time was plaintiff advised or permitted to disperse, advised that his conduct might be considered illegal, or advised that his presence or conduct would subject him to arrest.

12. Defendants unrolled orange plastic netting around the the sidewalk at Broadway and 45th Street. At that point the defendants completely enclosed the plaintiff and a few others with orange netting. The plaintiff's wife and their friend were not enclosed.

13. Shortly after being enclosed by the orange netting, the plaintiff was placed under arrest by defendants ROBERT NUGENT and DOES. Plaintiff was charged with two counts of Disorderly Conduct and one count of Parading Without a Permit.

14. Subsequent to his arrest, plaintiff was removed to Pier 57. At some point, plaintiff was removed to Central Booking at 100 Centre Street.

15. During plaintiff's detention, plaintiff was placed in excessively tight handcuffs, and handcuffs were applied for excessive periods of time. Plaintiff was not provided adequate facilities for sleeping, sitting, toileting, or personal hygiene, and was denied adequate medical care. Plaintiff was verbally harassed, and was subjected to other means of inflicting pain and discomfort. While detained at Pier 57 plaintiff was forced to come into intimate contact with noxious and irritating substances, including, on information and belief, toxic chemicals in the air and on the walls and floor of Pier 57.

16. All criminal charges against plaintiff were subsequently dismissed.

**FIRST CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

17. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

18. By their conduct and actions in causing the arrest and imprisonment of plaintiff, and in arresting and imprisoning plaintiff, by preventing plaintiff from engaging in protected First Amendment conduct, by retaliating against plaintiff because of his perceived exercise of First Amendment rights, by violating the arrestees' Fourteenth Amendment rights to equal protection, by using excessive force, by detaining plaintiff for an excessive amount of time, by

detaining plaintiff under cruel and inhumane conditions at a facility which was not suitable for the detention of arrestee, by deliberate indifference to medical needs, and by maliciously prosecuting plaintiff, defendants ROBERT NUGENT and DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plantiff's' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth, and Fourteenth Amendments.

19.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

20.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

21.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, including: (a) the arrest of persons lawfully participating in, observing, or in the vicinity of demonstrations, protests or other forms of public expression during the Republican National Convention; (b) the unreasonably long detentions of such persons arrested on minor charges; (c) the detention of such persons under cruel and inhumane conditions at a facility which was not suitable for the detention of arrestees; (d) the infliction of pain and

suffering upon such persons, including by the use of excessive force, keeping arrestees in handcuffs for extended periods of time, applying extremely tight handcuffs, denying toileting facilities and personal hygiene supplies, denying adequate facilities to sit or sleep, exposing to irritants, denying adequate medical care, verbally harassing, and other means of inflicting pain and discomfort, (e) enforcement of an unconstitutional statute, New York City Administrative Code section 10.110, Parading Without a Permit; and (f) the application of that statute to sidewalk gatherings.  Each such policy, practice, custom and usage caused injury and damage in violation of plantiff's' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

22. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

23. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

24. By the actions described above, defendants falsely arrested and imprisoned plaintiff, or caused him to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

25. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### ASSAULT AND BATTERY

26. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

27. By the actions described above, defendants did inflict assault and battery upon plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

28. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### NEGLIGENCE

29. The plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

30. Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

31. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Pre- and post-judgment costs, interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
November 21, 2005

NORMAN FREDERICK BEST (NB-1968)
Law office of Susan Douglas Taylor
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 671-0122

MICHAEL L. SPIEGEL (MS-0856)
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-8558

*Attorneys for Plaintiff*

By: _____
NORMAN FREDERICK BEST (NB-1968)