DOCKET IN ALL CASES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

BARBARA ARANEDA et al.,

                             Plaintiffs,

          -against-

THE CITY OF NEW YORK, et al..

                             Defendants.

**CASE MANAGEMENT ORDER**

05-CV-~~8562~~ 9738 (KMK)

------------------------------------------------------------------- x

NEILS ALPERT et al.,

                             Plaintiffs,

          -against-

THE CITY OF NEW YORK, et al..

                             Defendants.

05-CV-9740 (KMK)

------------------------------------------------------------------- x

PETER ALOISIO et al.,

                             Plaintiffs,

          -against-

THE CITY OF NEW YORK, et al..

                             Defendants.

05-CV-9737 (KMK)

------------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/18/06

DOCKET IN ALL CASES

------------------------------------------------------------------------ x

DARREN RIGGER et al.,

                            Plaintiffs,

            -against-                      05-CV-9882 (KMK)

THE CITY OF NEW YORK, et al..

                            Defendants.

------------------------------------------------------------------------ x

KEVIN DOLAK et al.,

                            Plaintiffs,

            -against-                      05-CV-9884 (KMK)

THE CITY OF NEW YORK, et al..

                            Defendants.

------------------------------------------------------------------------ x

GARTH KAHL et al.,

                            Plaintiffs,

            -against-                      05-CV-9885 (KMK)

THE CITY OF NEW YORK, et al..

                            Defendants.

------------------------------------------------------------------------ x

        Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court hereby enters its Case Management Order governing the foregoing cases. These cases arise from arrests and detentions by the New York City Police Department around the time of the Republican National Convention in New York City in late August and early September 2004 ("RNC

Cases"). They involve numerous named Plaintiffs and numerous Defendants including the City of New York, its Mayor and Commissioner of Police.

In these cases, the parties expect that issue will be joined shortly and that all of the material allegations of the complaint will be denied. Defendants have stipulated to the following terms at this time to permit Plaintiffs in these actions the opportunity to participate in the consolidated discovery scheduled to commence this fall in the related RNC Cases. The Court previously entered its case management order in the RNC Case captioned *MacNamara, et al. v. The City of New York, et al.*, No. 04-CV-9216 (KMK). In the interests of the convenience and economy of the parties, and the efficient management and oversight of the Court's docket, the Court hereby enters this order, the provisions of which are designed to be compatible with those in *MacNamara*.

The Court is advised that the parties do not consent to trial of this case by magistrate judge. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. This order may be modified only by agreement of the parties, subject to the Court's approval, or upon a showing of good cause.

| *DATE DUE* | *PLEADINGS & DISCOVERY* |
|---|---|
|  | The parties have agreed to dispense with initial disclosures and have commenced discovery. |
| 11/1/05 through 1/31/06 | As contemplated by Discovery Order #1, entered on October 3, 2005, it is expected that many of the consolidated depositions in *Schiller* and related RNC cases shall be completed. |
| 6/1/06 | All responses to discovery requests, including document requests and interrogatories, shall have been served, except as provided below. |

3

| | |
|---|---|
| 7/1/06 | All depositions of fact witnesses shall have been noticed. With respect to both fact and expert witnesses, unless the noticing party assents, depositions of particular witnesses are not to be held until the party producing the witness has responded to any outstanding interrogatories and requests for documents pertaining to that witness. Once a party has completed the deposition of a witness, that party shall not later seek to re-depose that witness absent good cause. |
| 8/1/06 | All fact discovery shall have been completed. |
| 9/1/06 | Plaintiffs shall identify their expert witnesses for trial and provide the disclosures contemplated by the federal rules. If the plaintiffs have no expert witnesses, the discovery schedule will be advanced one month. |
| 10/15/06 | Defendants shall identify their expert witnesses for trial and provide the disclosures contemplated by the federal rules. If the defendants have no expert witnesses, the discovery schedule will be advanced one month. |
| 11/15/06 | Depositions of plaintiffs' trial experts shall be completed. |
| 12/15/06 | Depositions of defendants' trial experts shall be completed. |
| 1/1/07 | All contention interrogatories and requests to admit shall be served. |
| 2/1/07 | All responses due to contention interrogatories and requests to admit. |
| 2/15/07 | All counsel must meet for at least one hour to discuss settlement no later than this date. |

Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge. The parties request a settlement conference before a Magistrate Judge.

Counsel for the parties have discussed the use of the Court's Mediation Program. The parties do not request that the case be referred to the Court's Mediation Program.

Counsel for the parties have discussed the use of a privately retained mediator. The parties do not intend to use a privately retained mediator.

### *DISPOSITIVE MOTIONS*

| | |
|---|---|
| 3/1/07 | All dispositive motions shall be served. Pursuant to the undersigned's Individual Practices, the parties shall request a pre-motion conference in writing at least four weeks prior to this deadline. |

4

| | |
|---|---|
| 4/1/07 | Oppositions due to all dispositive motions. |
| 5/1/07 | Replies, if any, due to all dispositive motions. |
| Within 30 days of the Court's ruling on dispositive motions | Should any part of the case remain after the Court's ruling on dispositive motions, a Pre-Trial Conference with the Court shall be held. Prior to that conference, the parties shall consult and submit to the Court a Joint Pretrial Order prepared in accordance with the Undersigned's Individual Practices and Rule 26(a)(3) of the Federal Rules of Civil Procedure. If this action is to be tried before a jury, proposed voir dire, jury instructions and a verdict form shall be filed with the Joint Pretrial Order. Counsel are required to meet and confer on the jury instructions and verdict form in an effort to make an agreed upon submission. |

The parties have conferred and their present best estimate of the length of trial of an individual plaintiff's case is approximately 2 weeks.

**SO ORDERED**

DATED:    New York, New York
          January 19, 2006

James C. Francis IV
United States Magistrate Judge

5