**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x

**DARREN RIGGER,**

                  **Plaintiff,**

        -against-

**THE CITY OF NEW YORK, ROBERT NUGENT and DOES,**

                  **Defendants.**

------------------------------------------------------------------------ x

**ANSWER**

**05 CV 9882 (KMK) (JCF)**

        Defendants the City of New York and Robert Nugent (together "Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to Plaintiff Darren Rigger's ("Plaintiff") Complaint ("Complaint"), respectfully allege as follows:

**AS TO "PRELIMINARY STATEMENT"**

    1.    Defendants deny the allegations set forth in Paragraph 1 of the Complaint, except admit that Plaintiff purports to bring this action as stated therein.

**AS TO "JURISDICTION"**

    2.    Defendants deny the allegations set forth in Paragraph 2 of the Complaint, except admit that Plaintiff purports to invoke the Court's jurisdiction as stated therein.

    3.    Defendants deny the allegations set forth in Paragraph 2 of the Complaint, except admit that Plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

## AS TO "JURY DEMAND"

4. Defendants deny the allegations set forth in Paragraph 4 of the Complaint, except admit that Plaintiff purports to demand a trial by jury.

## AS TO "VENUE"

5. Defendants deny the allegations set forth in Paragraph 5 of the Complaint, except admit that Plaintiff purports to base venue as stated therein.

## AS TO "NOTICES OF CLAIM"

6. Defendants deny the allegations set forth in Paragraph 6 of the Complaint, except admit that a document purporting to be Plaintiff's Notice of Claim was filed with the Comptroller of the City of New York and that claim has not been settled.

## AS TO "PARTIES"

7. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants deny the allegations set forth in Paragraph 8 of the Complaint, except admit that Defendant City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint, except admit that Defendant Nugent was employed as a police officer by the New York City Police Department (the "NYPD") at the time of the incident alleged in the Complaint.

## AS TO "STATEMENT OF RELEVANT FACTS"

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's wife and friend.

13. Defendants deny the allegations set forth in Paragraph 13 of the Complaint, except admit that Defendant Nugent was Plaintiff's arresting officer and Plaintiff was charged with two counts of Disorderly Conduct and one count of Parading without a Permit.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint, except admit that Plaintiff was processed at Pier 57 and Central Booking.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, except admit that Plaintiff received an adjournment in contemplation of dismissal.

## AS TO "FIRST CLAIM"

17. Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

## AS TO "SECOND CLAIM"

20. Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

## AS TO "THIRD CLAIM"

23. Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

## AS TO "FOURTH CLAIM"

26. Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

## AS TO "FIFTH CLAIM"

29. Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

32. The Complaint fails in whole or in part to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

33. There was probable cause for Plaintiff's arrest, detention, and/or prosecution.

## THIRD AFFIRMATIVE DEFENSE

34. Any and all injuries alleged in the complaint were caused, in whole or in part, by Plaintiff's culpable, negligent, or intervening conduct and were not the proximate result of any act of Defendants.

## FOURTH AFFIRMATIVE DEFENSE

35. This action is barred in whole or in part by the doctrines of res judicata and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

36. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

37. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be recovered against the other Defendants and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process and other provisions of law.

## SEVENTH AFFIRMATIVE DEFENSE

38. Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have Defendants violated any act of Congress providing for the protection of civil rights.

## EIGHTH AFFIRMATIVE DEFENSE

39. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

## NINTH AFFIRMATIVE DEFENSE

40. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City is entitled to governmental immunity from liability.

### TENTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred, in part, by his failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

### ELEVENTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred in part by the doctrine of absolute immunity.

### THIRTEENTH AFFIRMATIVE DEFENSE

44. There is no personal jurisdiction over the Defendant(s).

### FOURTEENTH AFFIRMATIVE DEFENSE

45. To the extent Defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

### FIFTEENTH AFFIRMATIVE DEFENSE

46. Plaintiff failed to mitigate his damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

47. Plaintiff consented to the acts about which he complains.

## EIGHTEENTH AFFIRMATIVE DEFENSE

48.  Plaintiff's claims are barred, in whole or in part, by his contributory or comparative negligence and by his assumption of the risk.

**WHEREFORE,** Defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 24, 2006

                                  MICHAEL A. CARDOZO
                                  Corporation Counsel of the City of New York
                                  Attorney for Defendants
                                  100 Church Street, Room 3-135
                                  New York, New York 10007
                                  212-788-8342

                              By:     **/s/**
                                  Jeffrey A. Dougherty (JD 5224)
                                  Special Assistant Corporation Counsel
                                  Special Federal Litigation Division

**Index Number 05 CV 9882 (KMK)(JCF)**

| |
|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** |
| **DARREN RIGGER,**<br><br>                                                            **Plaintiff,**<br><br>                    **-against-**<br><br>**CITY OF NEW YORK, et al.,**<br><br>                                                            **Defendants..** |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br>*Of Counsel: Jeffrey A. Dougherty*<br><br>*Tel:  (212) 788-8342*<br>*NYCLIS No. 05 SF 026447* |
| *Due and timely service by ECF is hereby admitted.*<br><br>*New York, New York   February 24, 2006*<br><br>*Jeffrey A. Dougherty, Esq.*<br><br>*Attorney for Defendants* |